```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
DANIEL BRUNO,                      :
                   Plaintiff,      :    07 CIV 7503 (VM)
                                   :
         -against-                 :    **DECLARATION OF ELAINE**
                                   :    **BARRAGA, ESQ.**
                                   :
METROPOLITAN TRANSPORTATION        :
AUTHORITY,                         :
                   Defendant.      :
                                   :
-----------------------------------X
```

**Elaine Barraga**, an attorney duly admitted to practice in the State of New York, hereby declares under penalty of perjury pursuant to 28 U.S.C. §1746, that the following is true and correct:

1.   I am an Associate Litigation Counsel for defendant Metropolitan Transportation Authority ("MTA"). I submit this Declaration in support of the MTA's motion to dismiss the Complaint. I am fully familiar with the facts and circumstances set forth below.

2.   The MTA's records indicate that, prior to the instant litigation, plaintiff Daniel Bruno was a plaintiff in two prior suits against the MTA. Annexed hereto as Exhibit 1 is the complaint filed in <u>Carol A. Bruno and Daniel Bruno v. Metro-North Commuter Railroad and Metropolitan Transportation Authority</u>, 00 Civ. 7000 (JGK). That litigation was settled for a sum of money, and discontinued.

3. A second suit was filed by Mr. Bruno in 2004, <u>Daniel Bruno v. Metropolitan Transportation Authority</u>, 04 Civ. 3383 (THK). This suit concerned an injury that allegedly occurred on September 22, 2003. That injury is referenced by Mr. Bruno in the instant litigation, but Mr. Bruno in his latest Complaint makes no mention of the prior litigation or the settlement of that suit. That case was also settled for a sum of money. Annexed collectively hereto as Exhibit 2 is the Complaint in the 2004 action, the Stipulation and Settlement Agreement, the Stipulation of Discontinuance and Indemnity Agreement, and the General Release and Indemnity Agreement, all dated February 1, 2006.

4. Mr. Bruno also references in the instant Complaint the MTA Police Department's rules governing absences and sick leave. (See Complaint at ¶¶7-9). Annexed hereto as Exhibit 3 is MTA Police Department Interim Order 99-06, which governs absences and sick leave for all members of the Police Department, and was applicable to Mr. Bruno at all times relevant to his Complaint.

Dated: October 22, 2007
       New York, New York

_____
Elaine Barraga, Esq.