# Exhibit 1

Case 1:07-cv-07503-VM    Document 2-5    Filed 10/22/2007    Page 1 of 11



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAROL A. BRUNO and DANIEL BRUNO,

                           Plaintiffs,

    -against-

METRO-NORTH COMMUTER RAILROAD
and METROPOLITAN TRANSPORTATION
AUTHORITY,

                           Defendants.
------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFFS DEMAND
TRIAL BY JURY**

Plaintiffs, by their attorneys, PHILIP J. DINHOFER, LLC, complaining of the defendants, respectfully shows to this Court and alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. The actions herein arise under the Federal Employers' Liability Act, Title 45 U.S.C., Section 51, et seq., as hereinafter more fully appears.

2. At all times hereinafter mentioned, the defendant, METRO-NORTH COMMUTER RAILROAD, was a Public Benefit corporation duly organized and existing under and by virtue of the laws of the State of New York and authorized to do business within the jurisdiction of this court.

3. At all times hereinafter mentioned herein, the defendant, METRO-NORTH COMMUTER RAILROAD was a wholly owned subsidiary of the defendant, METROPOLITAN TRANSPORTATION AUTHORITY.

4. At all times hereinafter mentioned, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, was a Public Authority duly organized and existing under

1

and by virtue of the laws of the State of New York and authorized to do business within the jurisdiction of this court.

5. At all times hereinafter mentioned, the defendant METRO-NORTH COMMUTER RAILROAD was engaged in interstate commerce by rail and operated a system of railroads and railroad yards within the jurisdiction of this Court and in various other states.

6. At all times hereinafter mentioned, the defendant METROPOLITAN TRANSPORTATION AUTHORITY was engaged in interstate commerce by rail and operated a system of railroads and railroad yards within the jurisdiction of this Court and in various other states.

7. That on, and for many years prior to, December 31, 1997, the defendant, METRO-NORTH COMMUTER RAILROAD employed the plaintiff, CAROL A. BRUNO, as a police officer, under its direction, supervision and control and in furtherance of its business in interstate commerce by rail.

8. That at all times during which they employed the plaintiff, CAROL A. BRUNO, the defendant METRO-NORTH COMMUTER RAILROAD maintained and controlled certain property, more specifically the 10th floor Operations Unit at 345 Madison Avenue, New York, New York.

9. That while the plaintiff, CAROL A. BRUNO, was in the performance of her duties as a police officer at or near the aforesaid location she was caused to sustain severe and disabling injuries by reason of the negligence, carelessness, recklessness of the defendant as hereinafter set forth.

10. That on or about August 28, 1998, the plaintiff, CAROL A. BRUNO, discovered that she suffered from Carpal Tunnel Syndrome, an occupational disability, the cause of which at least

in part, occurred while she was working for the defendant, METRO-NORTH COMMUTER RAILROAD, on and prior to December 31, 1997,

11. That the said accident and resulting injury to the plaintiff was caused solely by reason of the negligence of the defendant, its agents, servants and employees in the performance of their duties; in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in having failed to provide the plaintiff with proper tools and equipment with which to work; in failing to accommodate plaintiff's request(s) for proper and safe tools and equipment with which to work; in failing to warn plaintiff of the existence of the dangers involved in the performance of her duties as a police officer; in that employees of the defendant failed to take proper precautions to prevent the accident sustained by plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct or the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

12. That the said injuries occurred while the plaintiff was acting in furtherance of interstate commerce, or in work closely or substantially affecting the same.

13. That the plaintiff, CAROL A. BRUNO, was damaged thereby in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

14. The plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs 1 through 13, inclusive, with the same force and effect as if more fully set forth at length herein.

15. By act of the legislature of the State of New York on or about January 1, 1998, the defendant, METROPOLITAN TRANSIT AUTHORITY, acquired as its own employees from its wholly owned subsidiary, METRO NORTH COMMUTER RAILROAD, all incumbent police officers then in the employ of METRO NORTH COMMUTER RAILROAD, inclusive of the plaintiff, CAROL A. BRUNO.

16. That on and subsequent to January 1, 1998, the defendant METROPOLITAN TRANSPORTATION AUTHORITY has employed the plaintiff, CAROL A. BRUNO, as a police officer under its direction, supervision and control and in furtherance of its business in interstate commerce by rail.

17. That on and subsequent to January 1, 1998, the defendant METROPOLITAN TRANSPORTATION AUTHORITY has employed the plaintiff, CAROL A. BRUNO, as a police officer under its direction, supervision and control and in furtherance of its wholly owned subsidiary, METRO NORTH COMMUTER RAILROAD'S business in interstate commerce by rail.

18. That at all times during which they employed the plaintiff, CAROL A. BRUNO, the defendant METROPOLITAN TRANSIT AUTHORITY maintained and controlled certain property, more specifically the 10th floor Operations Unit at 345 Madison Avenue, New York, New York.

19. That on or about the 28th day of August, 1998, while the plaintiff, CAROL A. BRUNO, was in the performance of her duties as a police officer at or near the aforesaid location she was caused to sustain severe and disabling injuries by reason of the negligence, carelessness and recklessness of the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, as hereinafter set forth.

20. That the said accident and resulting injury to the plaintiff was caused solely by reason of the negligence of the defendant, its agents, servants and employees in the performance of their duties; in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in having failed to provide the plaintiff with proper tools and equipment with which to work; in failing to accommodate plaintiff's request(s) for proper and safe tools and equipment with which to work; in failing to warn plaintiff of the existence of the dangers involved in the performance of her duties as a police officer; in that employees of the defendant failed to take proper precautions to prevent the accident sustained by plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct or the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

21. That by reason of the premises, the plaintiff, CAROL A. BRUNO, was severely and seriously injured, suffered and will continue to suffer in the future, pain and injury, has become sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

22. That the said injuries occurred while the plaintiff was acting in furtherance of interstate commerce, or in work closely or substantially affecting the same.

23. That the plaintiff, CAROL A. BRUNO, was damaged thereby in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

24. The plaintiff repeats, reiterates and alleges each and every allegation contained in paragraphs 1 through 23, inclusive, with the same force and effect as if more fully set forth at length herein.

25. The actions of the defendants, METRO NORTH COMMUTER RAILROAD and the METROPOLITAN TRANSPORTATION AUTHORITY, complained of herein amounted to unlawful discriminatory practices against the plaintiff, in violation of New York Executive Law Section 290, et seq.

26. That by reason of the premises, the plaintiff, CAROL A. BRUNO, was severely and seriously injured, suffered and will continue to suffer in the future, pain and injury, has become sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

27 That the plaintiff, CAROL A. BRUNO, was damaged thereby in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

28. That the plaintiff, CAROL A. BRUNO, is entitled to recover her reasonable attorney's fees incurred in the prosecution of this claim.

## AS AND FOR A FOURTH CAUSE OF ACTION

29. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 23, inclusive, with the same force and effect as if more fully set forth at length herein.

30. The actions of defendants, METRO NORTH COMMUTER RAILROAD

and the METROPOLITAN TRANSPORTATION AUTHORITY, complained of herein amounted to unlawful discriminatory practices against the plaintiff, in violation of New York Labor Law Section 27-a, et seq.

31. That the plaintiff, CAROL A. BRUNO, was damaged thereby in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

32. That the plaintiff, CAROL A. BRUNO, is entitled to recover her reasonable attorney's fees incurred in the prosecution of this claim.

33. That the plaintiff, CAROL A. BRUNO, is entitled to recover punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

**AS AND FOR A FIFTH CAUSE OF ACTION**

34. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 33, inclusive, with the same force and effect as if more fully set forth at length herein.

35. The actions of the defendants METRO NORTH COMMUTER RAILROAD and the METROPOLITAN TRANSIT AUTHORITY, complained of herein amount to unlawful discriminatory practices against the plaintiff, in violation of New York City Human Rights Law, Administrative Code of New York, Section 8-101, et seq..

36. That by reason of the premises set forth in this complaint, the plaintiff, CAROL A. BRUNO, was severely and seriously physically and psychologically injured as a result suffered pain, humiliation, lasting embarrassment, anxiety, mental anguish and will continue to suffer in the future, pain and injury; plaintiff has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

37. That the plaintiff, CAROL A. BRUNO, was damaged thereby in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

38. That the plaintiff, CAROL A. BRUNO, is entitled to recover her reasonable attorney's fees incurred in the prosecution of this claim.

39. That the plaintiff, CAROL BRUNO, is entitled to recover punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION

40. The plaintiff, DANIEL BRUNO, repeats, reiterates and realleges the allegations set forth in Paragraphs "1" through "39" of this Complaint, inclusive, as though set forth at length therein.

41. The plaintiff, CAROL A. BRUNO, is the husband of the plaintiff, DANIEL BRUNO.

42. In consequence of the defendants' aforementioned culpable conduct, the plaintiff's wife was severely and permanently injured and plaintiff has necessarily expended large sums of money for medical services, medicines and otherwise, in endeavoring to cure his wife of her injuries, and will hereafter necessarily expend large sums of money for her further necessary medical treatment and the plaintiff has been deprived of the services and consortium of his wife and plaintiff is informed and believes such deprivation and impairment will continue for a longtime to come.

43. That the plaintiff, DANIEL BRUNO, has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

**WHEREFORE**, plaintiff, CAROL A. BRUNO, demands judgment on the First Cause of Action in the sum of TWO MILLION DOLLARS ($2,000,000.00) DOLLARS; on the Second Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS, on the Third Cause of Action

in the sum of TWO MILLION ($2,000,000.00)DOLLARS, as well as the reasonable attorney fees of this action; on the Fourth Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS, as well as the sum of TEN MILLION ($10,000,000.00) DOLLARS in punitive damages, as well as the reasonable attorney fees of this action; on the Fifth Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS, as well as the sum of TEN MILLION ($10,000,000.00) DOLLARS in punitive damages, as well as the reasonable attorney fees of this action, together with the costs and disbursements of this action; and WHEREFORE plaintiff, DANIEL BRUNO, demands judgment against the defendants on the Sixth Cause of Action in the sum of ONE MILLION ($1,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: New York, New York
       September 18, 2000

By: Philip J. Dinhofer, #6940
PHILIP J. DINHOFER, LLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 2806
New York, NY 10123
(212) 268-5113

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

CAROL A. BRUNO and DANIEL BRUNO,

                          Plaintiffs,

   -against-

METRO-NORTH COMMUTER RAILROAD
and METROPOLITAN TRANSPORTATION AUTHORITY

                          Defendants.
---

### **COMPLAINT**
---

**PHILIP J. DINHOFER, LLC**
Attorneys for Plaintiff(s)
450 Seventh Ave. - Suite 2806
New York, NY 10123
212-268-5113
---

Service of the within is hereby admitted.

Dated:

                                                                              Attorney for
---

SIR: - PLEASE TAKE NOTICE
( ) <u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on      .
( ) <u>NOTICE OF SETTLEMENT</u>
that an order of which the within is a true copy will be presented for settlement to the HON.
    one of the judges of the within named court, at
on            at      AM/PM.

DATED: September 18, 2000
          New York, New York

                                              Yours, etc.
                                              **PHILIP J. DINHOFER, LLC**
                                              Attorneys for Plaintiff(s)
                                              450 Seventh Ave. - Suite 2806
                                              New York, NY 10123