# Exhibit 2

Case 1:07-cv-07503-VM   Document 2-6   Filed 10/22/2007   Page 1 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL BRUNO,

                Plaintiff,                      **COMPLAINT**

    -against-                           **PLAINTIFF DEMANDS**
                                                  **TRIAL BY JURY**

METROPOLITAN TRANSPORTATION AUTHORITY,

                Defendant.
------------------------------------------------------------X

        Plaintiff, DANIEL BRUNO, by his attorney PHILIP J. DINHOFER, LLC, complaining of the defendant, respectfully shows to this Court and alleges:

        1. The action herein arises under the Federal Employers' Liability Act, Title 45 U.S.C., Section 51, et seq., as hereinafter more fully appears.

        2. At all times hereinafter mentioned, the Metropolitan Transportation Authority, hereinafter called "M.T.A." was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York and authorized to do business within the jurisdiction of this court.

        3. That at all times hereinafter mentioned, the defendant was engaged in interstate commerce by rail and operated a system of railroads and railroad yards within the jurisdiction of this Court and in various other states.

        4. That prior to September 22, 2003, and at all times hereinafter mentioned, the defendant employed the plaintiff, DANIEL BRUNO, as a Police Officer, under its direction, supervision and control and in furtherance of its business in interstate commerce.

5. That prior to September 22, 2003, and at all times hereinafter mentioned, the defendant maintained and controlled certain railroad property, more specifically the Emergency Exit at 50th Street and Park Avenue, New York, New York, including its tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated its engines, trains and cars under its direction and control.

6. That on or about the 22nd day of September, 2003, while the plaintiff, DANIEL BRUNO, was in the performance of his duties as a Police Officer at the Emergency Exit at 50th Street and Park Avenue, New York, New York, he was caused to sustain severe and disabling injuries by reason of the negligence, carelessness, recklessness of the defendant as hereinafter set forth.

7. That the said accident and resulting injury to the plaintiff was caused solely by reason of the negligence of the defendant, its agents, servants and employees in the performance of their duties; in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in having failed to provide the plaintiff with proper tools and equipment; in failing to warn plaintiff of the existence of the dangers involved; failing to provide plaintiff with a safe ingress and egress to work at said location; in that employees of the defendant failed to take proper precautions to prevent the accident sustained by plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct or the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

8. That the said injuries occurred while the plaintiff was acting in furtherance of interstate commerce, or in work closely or substantially affecting the same.

2

9. That the plaintiff, DANIEL BRUNO, was damaged thereby in a sum in excess of TEN MILLION ($10,000,000.00) DOLLARS.

WHEREFORE, plaintiff, DANIEL BRUNO, demands judgment against the defendant, METRO-NORTH COMMUTER RAILROAD, in a sum in excess of TEN MILLION ($10,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: New York, New York
April 27, 2004

Yours, etc.

PHILIP J. DINHOFER, LLC
Attorney for Plaintiff
450 Seventh Avenue-Suite 2806
New York, New York 10123
(212) 268-5113

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

DANIEL BRUNO,
               Plaintiff,

vs.            04 CIV. 3383 (THK)

METROPOLITAN TRANSPORTATION AUTHORITY,
               Defendant

-----------------------------------------------------------------

### STIPULATION AND SETTLEMENT AGREEMENT

It is hereby stipulated and agreed by and between Daniel Bruno ("Plaintiff"), and Metropolitan Transportation Authority ("MTA" or "Defendant"), collectively "The Parties", and by counsel for The Parties that the above captioned action is hereby fully and finally settled, and discontinued with prejudice, according to the following terms and conditions:

1      Defendant agrees to pay to Plaintiff, within thirty days of the date of this Settlement Agreement, the sum of $312,263.77, minus the sum of $137,263.77 constituting the Workers Compensation offset (the "Offset"), totaling the sum of $175,000.00, in full and final settlement of this matter, and in full satisfaction of the Offset.

2      Plaintiff hereby: (a) discontinues and withdraws with prejudice any claim for work related injuries pending before the New York State Workers Compensation Board including Workers Compensation Board File #30407517 (the "Claim"), regarding an incident on September 22, 2003; (b) authorizes Defendant to represent before the New York State Workers Compensation Board and elsewhere as necessary, that Plaintiff has discontinued and withdrawn with prejudice the aforementioned Workers Compensation Claim; and (c) promises to cooperate with the New York State Workers Compensation Board or otherwise as necessary to discontinue and withdraw the Claim with prejudice.

3      Plaintiff will continue to be employed as a police officer for the MTA until no later than August 29, 2007, one day following the date upon which he completes ten years of service with the MTA. Upon that date, Plaintiff's employment shall be terminated as a voluntary resignation. Notwithstanding the foregoing, in the event plaintiff is approved for a disability pension on or before August 29, 2007 he agrees that he is retired as of the date specified by the pension board in such approval.

4      In the event plaintiff is not eligible to retire on or before August 29, 2007 his resignation is effective on that day as previously described herein. On that date, he shall be eligible for health benefits pursuant to COBRA (Consolidated Omnibus Budget Reconciliation Act) the cost of which coverage shall be borne by the MTA,

but which coverage shall last no longer than the statutory period and which shall terminate upon the effective date of retiree health benefits provided by the MTA, if any.

5   Nothing herein shall be construed in any way whatsoever to support, limit or prevent any application for a disability pension.

6   Nothing herein shall be construed in any way whatsoever against the MTA as an admission of liability including, without limitation, that it caused any injury to Plaintiff or that any such injury was work related.

7   On or before the date of this Settlement Agreement, on forms acceptable to the MTA, Plaintiff will execute a General Release and he and his attorney will execute an agreement (the "Indemnity Agreement") to defend, indemnify, and hold harmless the MTA, its subsidiaries and affiliates, and Landman Corsi Ballaine & Ford P.C., from any and all claims by third parties, including any claims of subrogation or liens in any way related to the alleged incident of September 22, 2003 or other claims advanced in this action, other than the Offset.

8   After 45 days of the date of this Settlement Agreement, Plaintiff may reapply for "no work status" and, subject to Plaintiff's continuing cooperation Defendant will consider this reapplication in good faith.

9   The Parties agree not to disclose the terms and conditions of this Stipulation and Settlement Agreement to any third party, except as required by law.

_____
Daniel Bruno, Plaintiff

_____
Philip Dinhofer, Attorney for Plaintiff

_____
Metropolitan Transportation Authority
Catherine A. Rinaldi Esq., MTA General Counsel
By ~~Attorney for Defendant~~, Eric J. Warner Esq.

_____
Attorneys for Defendant, Landman Corsi Ballaine and Ford P.C.,
By James M. Woolsey III Esq.

Dated: February 1, 2006, New York, NY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DANIEL BRUNO,

        Plaintiff,

- against -

METROPOLITAN TRANSPORTATION AUTHORITY,

        Defendant.
----------------------------------------------------------------X

**STIPULATION OF DISCONTINUANCE AND INDEMNITY AGREEMENT**

04 Civ. 3383 (THK)

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned attorneys for the parties herein, that the above-entitled action, as it pertains to Metropolitan Transportation Authority ("MTA") is hereby discontinued with prejudice and without costs to either party as against the other.

**IT IS FURTHER UNDERSTOOD AND AGREED** that plaintiff and plaintiff's counsel hereby agree to indemnify and hold harmless Metropolitan Transportation Authority, its affiliates and subsidiaries, and all other related persons and corporations, including MTA's directors, officers, employees, and successors in interest, and MTA's legal counsel herein, of any and all liability, actions, judgments, arising from or in any way connected to or with subrogation claims or liens for any compensation or medical payments due or claimed to be due or paid under any law (state or federal), regulation or contract, and from all losses, claims, liabilities, actions, causes of action judgments, verdicts, awards and demands of whatsoever kind or nature arising as a result of or pertaining in any way to the matters referred to in this litigation.

Dated:    New York, New York
            February 1, 2006

PHILIP J. DINHOFER, LLC

By: _____
Philip J. Dinhofer (PD 6940)
Attorneys for Plaintiff
450 Seventh Avenue - Suite 2806
New York, NY 10123
(212) 268-5113

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
James M. Woolsey, III (JW 9157)
Attorneys for Defendant
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

SO ORDERED: _____
                    U.S.M.J.

412288.1 DocsNY

## GENERAL RELEASE AND INDEMNITY AGREEMENT

KNOW ALL MEN BY THESE PRESENTS that I, **Daniel Bruno,** being of lawful age and sound mind, for the sole consideration of **Three Hundred and Twelve Thousand Two Hundred and Sixty-Three Dollars and Seventy-Seven Cents ($312,263.77)**, from which the sum of $137,263.77, constituting the Workers' Compensation offset, will be deducted leaving the total sum of $175,000.00, receipt of which is hereby acknowledged, do hereby release and hereby forever discharge Metropolitan Transportation Authority, its affiliates and subsidiaries ("MTA"), a corporation (hereinafter collectively referred to as "RELEASEES") and all other related persons and corporations, and its (their) present and former insurers, owners, heirs, executors, administrators, subsidiaries, divisions, predecessors-in-business or interest, successors-in-business or interest, directors, officers, attorneys, medical personnel, employees, successors, and assigns of and from any and all losses, claims liabilities, actions, causes of action, judgments, verdicts, awards, and demands of whatsoever kind or nature which I have or to which I claim to be entitled by reason of the following injuries, illnesses and/or conditions related in any way to the incident of September 22, 2003: All physical and psychological injuries, including, *inter alia*, headaches, dizziness, blurred vision, loss of consciousness, memory loss, traumatic brain injury, hyponatremia, low blood sugar, SIADH, seizures, cognitive impairment, Cushing's Syndrome and/or Disease, cachexia, concussion, and post-concussion syndrome; anxiety or fear of contracting some other physical condition created or permitted to exist by RELEASEES and/or arising out of or which may arise out of any working condition, of any kind, during my employment at any time by RELEASEES including, but not limited to, any conditions which existed on or about September 22, 2003, exposure to or any working condition or environment created by the existence of any material, substance, product, good(s), or working condition(s) generally and as particularly set forth in the Complaint and other pleadings filed in the lawsuit entitled **"Daniel Bruno v. Metropolitan Transportation Authority"** in United States District Court, Southern District of New York, Index Number 04 Civ. 3383 (THK), or as otherwise may have occurred.

I hereby declare and represent that the injuries, illnesses and conditions which have been or may be sustained, including mental conditions, may be permanent, and that

412284.1 DocsNY

recovery therefrom is uncertain and indefinite, and that they may cause or lead to other deleterious conditions, and that in making this Release, it is understood and agreed that the undersigned relies wholly upon the undersigned's own judgment, belief, and knowledge of the nature, extent, effect, duration, and other possible results of said injuries, illnesses, conditions, exposures, and liability therefore, and that this Release is made without reliance upon any statement or representation by the RELEASEES or their representatives being specifically denied and that possible future conditions, arising from the aforementioned conditions, illnesses and/or injuries, as yet undetected, are specifically included.

It is understood that other than as may be recited herein, or as stated in the Stipulation and Settlement Agreement executed by parties to the above referenced litigation on this date, no claims or demands are being released which I may have against any other person or corporation, not named herein, related to the events of September 22, 2003, or the damages referred to in the Release; but the damages recoverable against said other persons or corporations shall be reduced, extinguished or satisfied in accordance with the terms of this Release, and the Stipulation and Settlement Agreement executed by parties to the above referenced litigation on this date. In the event it is determined that RELEASEES, individually or in any combination thereof and any other persons, corporation or entity are joint tortfeasors with respect to my injuries and/or damages, then the damages recoverable against all such tortfeasors other than RELEASEES shall be reduced by the amount of the larger of the following two sums:

    a)    the amount paid as consideration for this Release; or

    b)    that proportion of the total dollar amount awarded as damages in the ratio of the proportionate amount of causal liability, causal negligence, and/or liability of any nature or based upon any theory of the persons and corporations released herein and against whom a verdict or judgment is entered to the amount of causal liability, causal negligence, and/or liability of any nature or manner or based upon any theory attributed to all other persons and corporations against whom a verdict, judgment or award is entered or obtained.

Should it be determined the RELEASEES, individually or in any combination, were not a tortfeasor with respect to my injuries and/or damages, then there will be no reduction

412284.1 DocsNY

in damages recoverable from any other person, corporation or entity.

However, if as a consequence of a lawsuit, a verdict or judgment in my favor results in a claim, verdict or judgment for contribution thereof, then I and my attorneys agree that we will reduce my claim or satisfy the verdict or judgment to the extent necessary to eliminate the claim of liability of RELEASEES, individually and/or in any combination thereof, either to me or to any party claiming contribution and/or indemnity. Further, I agree that I will take no action to prevent RELEASEES from asserting its/their rights of contribution and/or indemnity against other parties determined to be joint tortfeasors with them to the extend that the payment herein has discharged the common liability or has exceeded the individual share of the liability and, further, I agree that to the extent that RELEASEES, individually and/or in any combination thereof, are entitled to indemnity and/or contribution, I will reduce or satisfy my verdict or judgment against such other joint tortfeasors.

If is specifically intended that this Release is intended and shall be construed to release and protect RELEASEES, from all claims of contribution and/or indemnity.

I further agree to indemnify and hold harmless the RELEASEES from any and all losses, claims, causes of actions, liabilities, judgments, verdicts, awards and demands of whatsoever kind or nature growing out of any claim or suit against them for contribution and/or indemnity by any other tortfeasor or alleged tortfeasor or other person or corporation allegedly liable for any of the damages and/or conditions referred to in this Release as a result of a breach of this Agreement and this Warranty, or by anyone acting on my behalf or on behalf of any such persons or corporations for the purpose of enforcing a further claim for damages on account of the events of September 22, 2003 and/or damages and/or conditions referred to herein.

I further agree to indemnify and hold harmless the "RELEASEES" from any and all losses, claims, causes of actions, liabilities, judgments, verdicts, awards and demands of whatsoever kind or nature growing out of any claim or suit against them for contribution and/or indemnity by any other tort-feasor or alleged tortfeasor or any other person, corporation or entity allegedly liable for any of the damages and/or conditions referred to

in this Release.

It is further understood and agreed that I hereby agree to indemnify and hold harmless all the persons and corporations released herein and MTA's legal counsel herein of and from any and all liability, actions, judgments, arising from or in any way connected to or with subrogation claims or liens for any compensation or medical payments due or claimed to be due or paid under any law (state or federal), regulation or contract, and from all losses, claims, liabilities, actions, causes of action judgments, verdicts, awards and demands of whatsoever kind or nature arising as a result of or pertaining in any way to the matters referred to in this Release.

It is understood and agreed that any issue concerning the interpretation of this document or its effect upon the parties hereto shall be governed by the law of the State of New York.

I agree to execute all appropriate and necessary documents to enable all the persons and corporations released herein to plead the effect of this Release Agreement in any lawsuit(s). I also agree to obtain all necessary court approval for this settlement and Release Agreement. I further agree to plead this Release and to enter this Release of record, on behalf of any person or corporation named herein, at any trial of any action seeking recovery for any item of damage set forth herein.

I understand, agree and acknowledge that the payment referred to herein is in compromise of a disputed claim and shall not be construed as an admission of liability on the part of any of the persons or corporations released herein, since liability is expressly denied.

It is further understood and agreed that this is the complete Release agreement, and that there are no written or oral understandings or agreements, directly or indirectly connected with this Release and settlement that are not incorporated herein.

This agreement shall be construed that wherever applicable the use of the singular number shall include the plural number and shall be binding upon and insure to the successors, assigns, heirs, executors, administrators, and legal representatives of the respective parties hereto.

It is expressly understood and agreed upon that this Release is not a Release for

any injury or damage which results solely and exclusively from a singular traumatic event, which event occurs subsequent to the date of execution of this Release.

THE UNDERSIGNED HEREBY ACKNOWLEDGES THAT I HAVE READ THIS RELEASE AGREEMENT, AND UNDERSTAND ITS TERMS, HAVE CONFERRED WITH MY ATTORNEY, AND UNDERSTAND THAT BY SIGNING THIS RELEASE AGREEMENT I HAVE RELEASED MY RIGHTS REFERENCED HEREIN AGAINST RELEASEES AND THE OTHER PERSONS AND CORPORATIONS REFERRED TO HEREIN AND ITS (THEIR) INSURERS, AND THAT I HAVE LIMITED MY RIGHTS AGAINST OTHER PARTIES AND ANY OTHER PARTIES AND ANY OTHER TORTFEASORS AND OTHERWISE LIABLE PERSONS AND CORPORATIONS IN ACCORDANCE WITH THE TERMS OF THIS RELEASE AGREEMENT.

IN WITNESS WHEREOF, I have hereunto set forth my hand and seal this _1st_ day of _February_, _2006_, intending to be legally bound hereby.

WITNESS:

_/s/ Carol A. Bruno_   _/s/ Daniel J. Bruno_ (SEAL)
CAROL A. BRUNO         DANIEL BRUNO

State of New York    )
                     ) ss.:
County of _New York_ )

On this _1st_ day of _February_, _2006_ before me personally appeared Daniel Bruno to me known to be the person named in and who executed the release and acknowledged that he executed same as his free act and deed.

Witness my hand and notarial seal the date aforesaid. My commission expires _11/28/06_, _____.

_/s/ Philip J. Dinhofer_
Notary Public
Philip J. Dinhofer
02DI4947032
My Commission Expires 11/28/06
Qualified in Nassau County

412284.1 DocsNY