UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                               :

DANIEL BRUNO,                      :

                Plaintiff,     :

      -against-                   :     07 CIV 7503 (VM)

                               :

METROPOLITAN TRANSPORTATION        :
AUTHORITY,                         :

              Defendant.     :
----------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS


                    Hoguet Newman Regal & Kenney, LLP

                    10 East 40th Street
                    New York, New York  10016
                    (212) 689-8808

                    *Attorneys for Defendant*


Of Counsel:

Ira J. Lipton, Esq.
Juan Skirrow, Esq.

**TABLE OF CONTENTS**

Table of Authorities........................................iii

Preliminary Statement........................................1

Statement of Facts...........................................3

      A.   Prior Litigation.........................3

      B.   Bruno's First Cause of Action..............4

      C.   Bruno's Second Cause of Action.............6

Argument.....................................................7

    I.   LEGAL STANDARDS FOR A MOTION TO DISMISS.........7

    II.  PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO
        STATE A CLAIM UNDER FELA; IT IS ALSO BARRED
        BY THE DOCTRINES OF ACCORD AND SATISFACTION
        AND RES JUDIATA ................................9

      A.   Plaintiff Fails to Plead the Necessary
           Elements of a FELA Claim...................9

        1. Plaintiff Fails to Plead Negligence........9

        2. Plaintiff Fails to Plead an Injury
           Within the Scope of, or Incidental to,
           His Employment...........................10

      B.   Plaintiff's First Cause of Action is
           Barred by MTA's Indisputable
           Affirmative Defenses......................13

        1. Res Judicata.............................13

        2. Accord and Satisfaction..................14

        3. Bruno's Complaint About his Rights
           under the Settlement Agreement is not
           Cognizable under FELA....................15

III. PLAINTIFF'S SECOND CAUSE OF ACTION IS TIME
     BARRED AND, IN ANY CASE, FAILS TO STATE A
     CLAIM FOR RELIEF; MOREVER, TO THE EXTENT
     THAT PLAINTIFF CLAIMS AN INJURY ARISING FROM
     THE SEPTEMBER 11 ATTACKS, FELA IS NOT
     AVAILABLE AS A REMEDY .........................16

     A.   Plaintiff's Claim Is Barred under
          FELA's Three Year Statute of
          Limitations...............................16

     B.   Plaintiff Fails to Plead the Necessary
          Elements of a FELA Claim..................17

     C.   Plaintiff's Alleged Injuries Were Not
          Incidental to His Employment..............18

     D.   FELA is Not Available as a Remedy for
          an Injury Arising out of the
          September 11 Attacks......................19

Conclusion...................................................21

## TABLE OF AUTHORITIES

Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d
    328 (2d Cir. 2006)...........................8, 10, 17

Atchison, T. & S.F.R. Co. v. Wottle, 193 F.2d 628
    (10th Cir. 1952)................................12, 18

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (U.S.
    2007).................................................7

Cortec Industrial, Inc. v. Sum Holding L.P., 949 F.2d
    42 (2d Cir. 1991)....................................16

Denburg v. Parker Chapin Flattau & Klimpl, 82 N.Y.2d
    375 (1993)..........................................15

Desaulniers v. Metropolitan Transport Authority, No.
    02 Civ. 3308, 2002 WL. 1968381 (S.D.N.Y. 2002).........17

E & L Consulting, Ltd. v. Doman Industrial Ltd., 472
    F.3d 23 (2d Cir. 2006)...............................8

Feichko v. Denver & Rio Grande Western R.R. Co., 213
    F.3d 586 (10th Cir. 2000)........................10, 12

First Sec. Mortg. Co. v. Goldmark Plastics Compounds,
    Inc., 862 F. Supp. 918 (E.D.N.Y. 1994)................15

Fonte v. Board of Managers of Continental Towers
    Condominium, 848 F.2d 24 (2d Cir. 1988)...............16

Fowler v. Seaboard Coastline Railroad Co., 638 F.2d 17
    (5th Cir. 1981).....................................12

Gallagher v. Metropolitan North Commuter R.R. Co., 846
    F. Supp. 291 (S.D.N.Y. 1994).........................7

Gannon v. National R.R. Passenger Corp., No. Civ. A.
    03-4501, 2004 WL 1175817 (E.D. Pa. May 27, 2004)... 8, 10,
                                                         17

Getty v. Boston and Marine Corp., 505 F.2d 1226 (1st
    Cir. 1974)..........................................11

Hagerman v. Metropolitan-North Commuter R.R., No. 94
    Civ. 5356, 1995 WL. 614562 (S.D.N.Y. Oct. 19, 1995).....7

Hoyt v. Thompson, 174 F.2d 284 (7th Cir. 1949) ...........18

<u>Kress v. Long Island R. R.</u>, 526 F. Supp. 856 (S.D.N.Y. 1981)................................................. 11

<u>Kuehn v. Grand Trunk Western R. Co.</u>, 100 F.3d 957, 1996 WL. 636008 (6th Cir. 1996)....................... 12

<u>Loya v. Denver & Rio Grande W. R. Co.</u>, 993 F.2d 1551, 1993 WL. 147505 (10th Cir. 1993)..................... 11

<u>Morris v. Lindau</u>, 196 F.3d 102 (2d Cir. 1999) ........... 13

<u>Nghiem v. U.S. Department of Veteran Affairs</u>, 451 F. Supp. 2d 599 (S.D.N.Y. 2006)......................... 16

<u>Norfolk Southern Railway Co. v. Turner</u>, No. Civ. A. 03-4501, 2007 WL. 2962643 (N.D. Ind. Oct. 9, 2007)...... 8

<u>Rexnord Holdings, Inc. v. Bidermann</u>, 21 F.3d 522 (2d Cir. 1994)................................................ 16

<u>Rogers v. Chicago & N. W. Transport Co.</u>, 947 F.2d 837 (7th Cir. 1991)....................................... 10

<u>Sinclair v. Long Island R.R.</u>, 985 F.2d 74 (2d Cir. 1993)................................................. 9

<u>Solan v. Great Neck Union Free School District</u>, 842 N.Y.S.2d 52, 2007 WL 2728773 (2d Dep't Sept. 18, 2007)................................................... 20

<u>Supply & Building Co. v. Estee Lauder International, Inc.</u>, No. 35 Civ. 8136, 1999 WL. 178783 (S.D.N.Y. Mar. 31, 1999)...................................... 14

<u>Tufariello v. Long Island R.R. Co.</u>, 458 F.3d 80 (2d Cir. 2006)........................................... 9

<u>In re World Trade Center Disaster Site Litigation</u>, 414 F.3d 352 (2d Cir. 2005)............................. 19

<u>In re World Trade Center Disaster Site Litigation</u>, 467 F. Supp. 2d 372 (S.D.N.Y. 2006)...................... 19

**STATUTES**

45 U.S.C. § 51 ....................................... 9

45 U.S.C.A. § 56 ...................................... 17

Air Transportation Safety and Stabilization Act of
  2001 ("ATSSSA"), 49 U.S.C. §40101.................. 3, 19

Fed. R. Civ. P. 8(c) ................................... 14

N.Y. C.P.L.R. § 214 ................................... 21

## **PRELIMINARY STATEMENT**

Plaintiff Daniel Bruno ("Bruno") brings this action against defendant Metropolitan Transportation Authority ("MTA") under the Federal Employers' Liability Act ("FELA") (45 U.S.C. $51, et seq.) seeking damages for personal injuries he allegedly sustained while performing duties as an MTA Police Officer. His complaint alleges two unrelated injuries. First, he complains that he suffered an injury as a result of being confined to his home while on disability leave, pursuant to the MTA Police Department's sick leave rules. This absurd claim is not covered by FELA, which applies to injuries that are incidental to an employee's work in furtherance of interstate commerce. By his own allegation, Bruno was home on paid sick leave. He could not have been performing police work. Whatever injury he says he sustained (which is not even pled), cannot therefore be incidental to his work in interstate commerce.

The Complaint also completely fails to plead the requisite elements of a negligence claim, which is required by FELA. From the face of the pleading, it cannot be discerned what duty the MTA allegedly breached, when Bruno sustained his injury, or how it occurred. Moreover, Bruno's claim is sanctionable. The injury which led to

Bruno's being placed on disability leave, and therefore subject to the sick leave rules of the MTA Police Department, was the subject of a prior lawsuit brought by Bruno, which was settled for a substantial sum of money. This is omitted from Bruno's pleading. Indeed, the Stipulation of Settlement entered into in that case explicitly deals with Bruno's complaint regarding the MTA's sick leaves rules. This cause of action is therefore barred by the doctrines of accord and satisfaction and res judicata.

Bruno's second cause of action is equally baseless and warrants immediate dismissal. Here, Bruno (who is bringing his third FELA suit against the MTA), tries to capitalize on the September 11 attacks. He states in the vaguest of terms that he was assigned to work "at or near the vicinity of the World Trade Center" on September 13, 2001. First, his claim is barred by the statute of limitations. Second, as in his first cause of action, his pleading fails to allege the requisite elements of negligence. He does not identify where he was injured, what he was doing, how he sustained the injury or what the injury was. There is no clue from this pleading as to what allegedly happened to him, or what duty the MTA allegedly owed to him that was breached, leading to his injury, whatever it was. Finally,

a FELA claim does not lie for injuries arising from the September 11 attacks. Such claims are precluded by the Air Transportation Safety and Stabilization Act of 2001 ("ATSSSA"), 49 U.S.C. §40101, which is the exclusive vehicle for bringing such claims. As discussed below, Bruno's complaint would not pass muster under ATSSSA either.

## STATEMENT OF FACTS

Bruno alleges that he was a police officer employed by the MTA Police Department (hereafter "Compl." ¶ 4.) He sets forth two causes of actions under FELA for injuries he allegedly sustained.

### A.    Prior Litigation

This is Bruno's third personal injury suit against the MTA (or its subsidiary, the Metro-North Commuter Railroad). In 2000, he, along with his wife, Carol Bruno, sued the Metro-North and the MTA under FELA for Ms. Bruno's alleged occupational disability (carpal tunnel syndrome).[1] Bruno claimed damages in that case for loss of consortium. That case settled for a sum of money, and discontinued substantial sum of money. Barraga Decl. at ¶2. In May

---

[1]    See, Carol A. Bruno and Daniel Bruno v. Metro-North Commuter Railroad and Metropolitan Transportation Authority, 00 Civ. 7000 (JGK). A copy of the Complaint in that action is annexed to the Declaration of Elaine Barraga, Esq., dated October 22, 2007 ("Barraga Decl.") as Exhibit 1.

2004, Bruno sued a second time claiming he was injured on
September 22, 2003, while performing his duties as a police
officer.[2]    Bruno references his September 23, 2003 injury
in his latest complaint, (Compl. ¶¶ 5-6), but makes no
reference to his prior litigation concerning that injury,
or the settlement of that suit.

B.    **Bruno's First Cause of Action**

Subsequent to his September 23, 2003 injury, Bruno
never returned to work.  (Compl. ¶6.)    He filed his suit
against the MTA under FELA on or about May 4, 2004.    Bruno
was still employed as a police officer with the MTA on or
about October 28, 2004 (Compl. ¶4), on paid leave status as
a consequence of his September 22, 2003 injury.    On that
date, he petitioned the MTA for "no work status," which
would have relieved him from home confinement and the
random verification process he describes in the Complaint.
(Compl. ¶8.)    The MTA did not grant his request. (Compl.
¶9.)

On February 1, 2006, the MTA and Bruno entered into a
settlement of the 2004 suit, for the sum of $312,000.[3]    The
Settlement provided that $137,263.77 would be deducted from

---

[2] See, Daniel Bruno v. Metropolitan Transportation Authority, 04 Civ.
3383 (THK). The Complaint in that action, along with the Stipulation of
Settlement, Stipulation of Discontinuance and General Release are
collectively annexed to the Barraga Declaration as Exhibit 2.
[3] See Stipulation and Settlement Agreement ("the Settlement"), included
within Exhibit 2 to the Barraga Declaration.

the settlement sum to offset a Workers Compensation lien, leaving a total of $175,000 in cash for Bruno. In addition, the Settlement provided that Bruno resign or retire from his position with the MTA, effective August 29, 2007. The Settlement also reflects that, while on paid leave of absence stemming from his September 22, 2003 injury, Bruno had applied for "no work status" but his application had been denied by the MTA. The Settlement provided that he could "reapply for 'no work status' and, subject to Plaintiff's continuing cooperation, the MTA will consider this reapplication in good faith." (Settlement at ¶8.) Bruno signed a release in favor of the MTA in connection with all claims relating to his September 22 injury, and discontinued his litigation with prejudice. (Barraga Decl., Exh. 2.)

Pursuant to MTA Police Department rules, members of the Police Department on paid leave for sickness or a disability must be available for investigation, either in person or via phone, at his or her "reported location," which is typically the member's home. (Compl, at ¶7; see also, MTA Police Department Interim Order 99-06 (hereafter, "Sick Leave Rules") at ¶5(a).[4] The Sick Leave Rules provide

---

[4] The Sick Leave Rules are annexed to the Barraga Declaration as Exhibit 3.

that members seeking to leave his or her "sick location" must obtain permission in advance. (Sick Leave Rules at ¶5(c)). Members of the Police Department who are on leave as a result of a "heart condition, broken limb, post surgical convalescence, or similar prolonged illness" and are given "no work status," are not subject to telephone calls or investigation by the MTA Police Department during the period of that member's convalescence. Members of the Department are not entitled to "no work status," however. Permission for "no work status" is granted by the Chief of Police or his designee "on a case by case" basis only. (Sick Leave Rules at ¶5(g).)

Plaintiff alleges that, while on paid disability leave, he sustained "severe and disabling injuries" as a result the MTA's "refusal to grant him 'no work status.'" (Compl. ¶10.)    Although he presumably believed he was unable to work, and that he was confined to his home on paid disability leave, Bruno alleges that, on an unspecified date, and under unspecified circumstances, he sustained an unspecified injury, in connection with his being denied "no work status." (Compl. ¶10.)

### C.    Bruno's Second Cause of Action

On September 13, 2001, two days following the September 11th attack on the World Trade Center, Bruno was

employed by the MTA as a police officer. (Compl. ¶ 15.)
Bruno alleges that on September 13, 2001, "he was assigned
to work at or near the vicinity of the World Trade Center."
(Compl. ¶ 16.) On that date, according to Bruno, "he was
caused to sustain severe and disabling injuries" as a
result of MTA's negligence. (Compl. ¶ 17.) Bruno does not
allege what those injuries were or how he sustained them.

### ARGUMENT

### Point I

### LEGAL STANDARDS FOR A MOTION TO DISMISS

In order for a plaintiff to meet his or her burden of
stating a claim upon which relief may be granted, he is
obligated to allege facts that raise a right to relief.
Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct.
1955, 1964-65 (2007). Otherwise, the complaint will be
dismissed, even in the FELA context. Hagerman v. Metro-
North Commuter R.R., No. 94 Civ. 5356, 1995 WL 614562, at
*1 (S.D.N.Y. Oct. 19, 1995) (dismissing FELA claims on a
motion to dismiss because it was beyond doubt that
plaintiff could "prove no set of facts in support of his
claim"); Gallagher v. Metro North Commuter R.R. Co., 846 F.
Supp. 291, 293 (S.D.N.Y. 1994) (dismissing plaintiff's FELA

claims on a 12(b)(6) motion for failure to plead the context in which the alleged conduct occurred).

While the court must accept as true all the facts alleged in the complaint in considering a motion to dismiss, E & L Consulting, Ltd. v. Doman Indus. Ltd., 472 F.3d 23, 28 (2d Cir. 2006), conclusory statements or speculation are insufficient to satisfy the plaintiff's burden. Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss") (internal citations omitted); Norfolk Southern Ry. Co. v. Turner, No. Civ. A. 03-4501, 2007 WL 2962643, at *1 (N.D. Ind. Oct. 9, 2007) (dismissing FELA negligence claim on the basis that the complaint was predicated on "bare legal conclusions to narrated facts that fail to support [plaintiff's] claims"); Gannon v. Nat'l R.R. Passenger Corp., No. Civ. A. 03-4501, 2004 WL 1175817, at *2 (E.D. Pa. May 27, 2004) (in evaluating a FELA claim, the court is not "required to accept legal conclusions either alleged or inferred from the pleaded facts").

### Point II

**PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM UNDER FELA; IT IS ALSO BARRED BY THE DOCTRINES OF ACCORD AND SATISFACTION AND RES JUDIATA**

**A.  Plaintiff Fails to Plead the Necessary Elements of a FELA Claim**

1.  Plaintiff Fails to Plead Negligence

With respect to negligence, FELA provides that any railroad engaging in interstate commerce:

> [S]hall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier.

45 U.S.C. § 51.  In order to bring a claim for negligence under the statute, a plaintiff must establish the traditional common law elements of: (i) duty, (ii) breach, (iii) foreseeability, and (iv) causation of injury. Tufariello v. Long Island R.R. Co., 458 F.3d 80, 87 (2d Cir. 2006); Sinclair v. Long Island R.R., 985 F.2d 74, 77 (2d Cir. 1993).

Bruno has failed to plead a single element of a negligence claim, as FELA requires.  He has not plead a duty that the MTA owed him that was allegedly violated by the MTA; and he has failed to plead the causal link between the violation of that duty and the injury he sustained,

beyond the gross conclusion that he sustained an injury, the details of which are completely absent from the pleading. He has not even stated when he sustained this injury, other than that it is somehow associated with his having not been accorded "no work status" following his application on October 28, 2004.    (Compl. ¶ 8-11, 15.) Such conclusory statements do not satisfy plaintiff's burden. <u>Achtman</u>, 464 F.3d at 337; <u>Gannon</u>, 2004 WL 1175817, at *2 .

> 2. Plaintiff Fails to Plead an Injury Within the Scope of, or Incidental to, His <u>Employment</u>

Bruno's Complaint is also defective in that he fails to allege that he was injured while acting within the scope of, or incidental to, his employment in interstate commerce – a FELA requirement. <u>Feichko v. Denver & Rio Grande Western R.R. Co.</u>, 213 F.3d 586, 592 (10th Cir. 2000) (FELA does not cover "activities undertaken by an employee for a private purpose and having no causal relationship with his employment"); <u>Rogers v. Chicago & N. W. Transp. Co.</u>, 947 F.2d 837, 839 (7th Cir. 1991) ("in order for an activity to qualify as being within the scope of employment, it must be a necessary incident of the day's work or be essential to the performance of the work").

Bruno's complaint, in fact, establishes that his injury occurred (whatever that injury was) while he was on leave from his duties as a police officer and not on the MTA's premises.   (Compl. ¶ 6.)   According to his own allegations, therefore, his injury was not incidental to his employment.   The mere fact that he sustained an injury while on MTA's payroll is an insufficient basis on which to predicate a FELA claim.   For example, FELA courts have adopted the "commuter rule," which holds that an employee who is commuting to or from work cannot hold his employer liable for injuries even if they were sustained as a result from his employer's negligence.   Loya v. Denver & Rio Grande W. R. Co., 993 F.2d 1551, 1993 WL 147505, at *1 (10th Cir. 1993) ("employees injured while commuting to and from work are not considered to be within the scope of their employment for FELA purposes"); Kress v. Long Island R. R., 526 F. Supp. 856, 859-60 (S.D.N.Y. 1981) (employee who was injured on employer's parking lot while commuting from work was not acting within the scope of her employment so as to be covered by FELA); Getty v. Boston and Marine Corp., 505 F.2d 1226, 1228 (1st Cir. 1974) (plaintiff railroad employee who was injured while boarding defendant's train on his way to work was held to be outside the coverage of FELA).

Similarly, FELA has repeatedly been held inapplicable to injury claims by railroad employees where the injury arose from a private activity, as opposed to work incidental to their employment in interstate commerce. See, e.g., Feichko, 213 F.3d at 592-93 (injuries sustained while plaintiff searched for his missing checkbook on employer's premises during day off held to have resulted from activities with "a private purpose having no causal relationship with his employment"); Kuehn v. Grand Trunk Western R. Co., 100 F.3d 957, 1996 WL 636008, at *1-2 (6th Cir. 1996) (employee injured after departing an off-site staff meeting and retirement party deemed injured outside the scope of his employment); Fowler v. Seaboard Coastline Railroad Co., 638 F.2d 17, 19 (5th Cir. 1981) (no viable FELA claim where injuries resulted from motorcycle excursion unrelated to his employment); Atchison, T. & S.F.R. Co. v. Wottle, 193 F.2d 628, 629-31 (10th Cir. 1952) (no recovery under FELA for injuries sustained in collision with employer's train where employee was returning to employer-provided bunks after purchasing groceries; activity was not incidental to employment).

## B. Plaintiff's First Cause of Action is Barred by MTA's Indisputable Affirmative Defenses

### 1.   Res Judicata

Where, as here, a party has settled litigation, he is barred by the doctrine of res judicata from bringing new litigation arising out of the settled claims as well as any other claims he could have raised in the litigation. Morris v. Lindau, 196 F.3d 102, 112 (2d Cir. 1999) (where parties have entered into a settlement agreement, res judicata prevents a party from litigating "any issue that could have been raised in a previous suit -- where the parties and subject matter are the same -- based on the same or a connected series of events").

Bruno sued the MTA under FELA in 2004, complaining of his September 22, 2003 injury.  In the context of that litigation, Bruno complained of being subject to the MTA Police Department's sick leave rules, where a member of the Police Department on sick or disability leave with pay status is required to seek permission to leave his home, and must otherwise be available by phone or in person in order to verify that he or she is abiding by the rule.  "No work status" may be accorded members with certain medical conditions at the sole discretion of the Chief of Police, whereby the member is partially freed from the strictures

13

of the home confinement rules. (Sick Leave Rules at ¶5(g)). In the context of the 2004 suit, Bruno complained that he had been denied "no work status" stemming from his September 23, 2004 injury. The stipulation settling the lawsuit specifically addressed his complaint, documenting the denial of his request, but allowing him to reapply. The parties agreed that MTA would only consider his reapplication in good faith, provided Bruno "cooperate." (Settlement Agreement at ¶8.) For this provision, a release of all claims arising from the September 22, 2003 injury, and the discontinuance of his litigation with prejudice, the MTA paid to Bruno over $300,000 of benefits, including a $175,000 cash payment to him. (Barraga Decl. Exh 2.) His claim in connection with the denial of "no work status" has been settled and is therefore barred by the doctrine of res judicata.

　　　　2.　Accord and Satisfaction

Bruno's first cause of action in also barred by the doctrine of "accord and satisfaction." Fed. R. Civ. P. 8(c). An accord and satisfaction has two components: (i) the accord, which is the agreement that a stipulated performance will be accepted in lieu of an existing claim; and (ii) the satisfaction, which is the performance of the substituted agreement. See Supply & Bldg. Co. v. Estee

14

Lauder Int'l, Inc., No. 35 Civ. 8136, 1999 WL 178783, at
*6-7 (S.D.N.Y. Mar. 31, 1999); First Sec. Mortg. Co. v.
Goldmark Plastics Compounds, Inc., 862 F. Supp. 918, 934-35
(E.D.N.Y. 1994); Denburg v. Parker Chapin Flattau & Klimpl,
82 N.Y.2d 375, 383-84 (1993) (internal citations omitted).
Here, the MTA and Bruno entered into a settlement agreement
whereby Bruno agreed to discontinue his complaint relating
to his injuries sustained on September 22, 2003.   The
claims raised in the litigation included not being given
"no work status."   The MTA "satisfied" Bruno's claims by
granting him the right to reapply for "no work status,"
which would be "considered" in good faith, subject to
Bruno's "continuing cooperation," and by paying Bruno over
$300,000.   There has been an accord an satisfaction here,
and Bruno's claim in connection with the "no work status"
is therefore precluded.

> 3.   Bruno's Complaint About his Rights under the
> Settlement Agreement is not Cognizable under
> FELA

Finally, to the extent that Bruno complains in this
suit that he was not given the "no work status" he believes
(incorrectly) that he was entitled to, his complaint is one
for breach of contract, and not one brought under FELA,
which is a negligence statute.   It is well settled that the
enforcement of the terms of a settlement agreement sounds

in contract and not tort. <u>Rexnord Holdings, Inc. v.
Bidermann</u>, 21 F.3d 522, 525 (2d Cir. 1994) (holding that
plaintiff had a breach of contract claim arising out of
defendant's violation of a settlement agreement between the
parties and that a "settlement agreement is to be construed
according to general principles of contract law" ).[5]

### Point III

**PLAINTIFF'S SECOND CAUSE OF ACTION
IS TIME-BARRED AND, IN ANY CASE,
FAILS TO STATE A CLAIM FOR RELIEF;
MOREVER, TO THE EXTENT THAT
PLAINTIFF CLAIMS AN INJURY ARISING
FROM THE SEPTEMBER 11 ATTACKS,
<u>FELA IS NOT AVAILABLE AS A REMEDY</u>**

**A.    Plaintiff's Claim Is Barred under FELA's Three
Year Statute of Limitations**

Plaintiff alleges that he sustained his injuries on
September 13, 2001, more than six years ago. FELA's
statute of limitations provides, in pertinent part, as
follows:

---

[5] Insofar as the MTA seeks the dismissal of this suit based on the
submission of documents outside the pleadings, the Court may consider
these documents and, where appropriate, convert a motion to dismiss
into a motion for summary judgment. <u>Nghiem v. U.S. Dept. of Veteran
Affairs</u>, 451 F. Supp. 2d 599, 603 (S.D.N.Y. 2006) (citing <u>Fonte v. Bd.
of Managers of Cont'l Towers Condo</u>, 848 F.2d 24, 25 (2d Cir. 1988).
Nevertheless, where the plaintiff has had access to the documents and
has relied upon it in framing his complaint, the Court need not convert
the motion into one for summary judgment. <u>Cortec Indus., Inc. v. Sum
Holding L.P.</u>, 949 F.2d 42, 46-48 (2d Cir. 1991) (where plaintiff "has
actual notice of all the information in the movant's papers and has
relied upon these documents in framing the complaint the necessity of
translating a Rule 12(b)(6) motion into one under rule 56 is largely
dissipated").

> No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.

45 U.S.C.A. § 56. Since Bruno's alleged injuries occurred more than six years ago, he is well beyond the three-year statutory limit and his claim is therefore time-barred. Desaulniers v. Metro. Transp. Auth., No. 02 Civ. 3308, 2002 WL 1968381, at *1 (S.D.N.Y. 2002) (granting defendant's motion to dismiss police officer's FELA claims because they were based on injuries that were alleged to have occurred more than three years prior to the date of filing).

**B.  Plaintiff Fails to Plead the Necessary Elements of a FELA Claim**

Bruno's second cause of action is premised on injuries allegedly sustained on September 13, 2001. However, as in his first cause of action, he has failed to allege any facts with respect to the nature of the injury he sustained. He has also failed to allege how the MTA breached any duty of care or how the MTA caused him any foreseeable harm. Bruno merely makes a conclusory allegation that he was injured by the MTA's negligence on September 13, 2001. (Compl. ¶ 15.) Such a conclusory statement does not satisfy Plaintiff's burden. Achtman, 464 F.3d at 337; Gannon, 2004 WL 1175817, at *2.

## C. Plaintiff's Alleged Injuries Were Not Incidental to His Employment

Plaintiff also fails to plead with sufficient particularity that, at the time of the alleged injury, he was engaged in activities that were incidental to his employment as a railroad police officer in interstate commerce. (Compl. ¶ 16.) It is impossible to discern from his pleading exactly what he was doing on September 13, 2001, in or around the World Trade Center, where neither Metro-North nor the Long Island Rail Road (the two railroads policed by the MTA Police Department) have facilities. Absent more specific allegations, it cannot be said from the pleadings that he did not, for example, volunteer to perform a task wholly unrelated to his position. Under these circumstances, his injury (whatever it was), is not cognizable under FELA. See Atchison, 193 F.2d at 630 (FELA does not cover "activities not necessarily incident to or an integral part of employment in interstate commerce"); see also Kuen, 100 F.3d 957, 1996 WL 636008, at *2 (injuries outside the scope of, or incidental to, "employment in interstate commerce" not covered by FELA); Hoyt v. Thompson, 174 F.2d 284, 285 (7th Cir. 1949) (under FELA, employer is not liable for

negligent conduct of employee unless employee is "acting in the furtherance of the defendant's business").

### D.  FELA is Not Available as a Remedy for an Injury Arising out of the  September 11 Attacks

Within days after the September 11 attacks, Congress enacted the Air Transportation Safety and Stabilization Act of 2001 ("ATSSSA"), 49 U.S.C. §40101; see In re World Trade Center Disaster Site Litigation, 414 F.3d 352, 357 (2d Cir. 2005).   Title IV of the Act governs the rights of victims of the attacks.   This title established the Victims Compensation Fund, and the procedures for making claims thereunder.   In addition, for those opting not to pursue a claim from the Fund, §408(b) of Title IV of ATSSSA provides for a federal cause of action.   That section provides that,

> There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001 . . . . [T]his cause of action shall be the exclusive remedy for damages arising out of the hijacking and subsequent crashes of such flights.

Id.  (emphasis added).

The "arising out of" language makes this the exclusive cause of action not only for those directly injured at the time of the attacks but for individuals injured in the clean-up and rebuilding efforts.   See In re World Trade

Center Disaster Site Litigation, 467 F. Supp. 2d 372, 372-34 (S.D.N.Y. 2006) (claims by workers who suffered respiratory and non-respiratory injuries as a result of the clean-up following the 9/11 terrorist attacks come under the exclusive purview of the ATSSSA). In determining a defendant's liability under ATSSSA, it is the law of the state where the crash occurred that governs, unless preempted by federal law. ATSSSA §408(b)(2).

To the extent Bruno is claiming that he sustained an injury arising out of the September 11 attacks, his FELA claim is precluded by ATSSSA, which provides for the exclusive remedy for such claims. Since Bruno proceeds in this litigation under FELA alone, his second cause of action must therefore be dismissed as precluded by ATSSA.

Moreover, any claim under ATSSSA, which would be governed by New York law, would have no merit anyway, based on the allegations in the complaint. As in his FELA claim, Bruno has failed to plead the elements of a negligence claim under New York law. See Solan v. Great Neck Union Free School Dist., 842 N.Y.S. 2d 52, 2007 WL 2728773, at *1 (2d Dep't Sept. 18, 2007) (elements of cause of action for negligence include (i) the existence of a duty on defendant's part as to plaintiff; (ii) a breach of this duty; and (iii) that the breach was a proximate cause of

the plaintiff's injury); <u>Kipybida v. Good Samaritan Hosp.</u>, 35 A.D.3d 544, 545, 827 N.Y.S.2d 201, 201-202 (2d Dep't 2006) (reciting same elements).

Furthermore, Bruno's claim for any injuries sustained on September 13, 2001 is time-barred under New York's three year statute of limitations. <u>See</u> N.Y. C.P.L.R. § 214 (providing three year limitation period for "an action to recover damages for personal injury . . . . ").

## CONCLUSION

Wherefore, by reason of the foregoing, this Court should dismiss the Complaint in its entirety with prejudice, and grant such other relief as this Court deems just and proper.

Dated:    New York, New York
          October 22, 2007

HOGUET NEWMAN REGAL & KENNEY, LLP

By: _____
    Ira J. Lipton (LI 4835)
    Juan A. Skirrow (JS 1566)

10 East 40th Street
New York, New York 10016
(212) 689-8808

*Attorneys for Defendant Metropolitan Transportation Authority*