## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      As Regards the First Cause of Action: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      Additional Facts Relevant to the First Cause
      of Action Not Required to Be Plead: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      As Regards the Second Cause of Action: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      Additional Facts Relevant to the Second Cause
      of Action Not Required to Be Plead: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

POINT I.     THE FELA ITSELF DEFINES THE NON-DELEGABLE
                DUTY OF THE RAILROAD TO PROVIDE ITS EMPLOYEES
                WITH A SAFE WORKPLACE AND WITH SAFE EQUIPMENT
                AND TOOLS WITH WHICH TO WORK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      A)     THE FELA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      B)     DUTY OF RAILROAD TO ITS EMPLOYEES . . . . . . . . . . . . . . . . . . . . . . . . 9

      D)     STANDARD OF CARE UNDER FELA . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      E)     CAUSATION UNDER THE FELA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      F)     QUANTUM OF EVIDENCE NECESSARY TO
            MAKE OUT A PRIMA FACIE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      G)     NO ASSUMPTION OF RISK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

POINT II.    PLAINTIFF HAS PROPERLY PLEAD CAUSES OF ACTION
                FOR THE MTA'S VIOLATION OF THE FELA'S STATUTORILY
                IMPOSED DUTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      With regard to the First Cause of Action: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

                                                                                                    Page

    a)    Plaintiff Has Properly Plead The Necessary Elements of A Cause
of Action Under the FELA, Inclusive of Negligence Occurring
Within the Scope of or Incidental to His Employment With the
Defendant Railroad . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    b)    Because Daniel Bruno Sues for "New" Injuries Caused by Specific
Railroad Employees on a Different Date of Accident, Defendant's
Affirmative Defenses of Res Judicata, Accord and Satisfaction and the
Prior Settlement Agreement Do Not Act to Bar the First Cause of Action . . . . . 16

With regard to the Second Cause of Action: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    c)    Because FELA Adopts a "Discovery" Rule, Plaintiff's Second Cause of
Action is not Barred by the FELA's Three Year Statute of Limitations . . . . . . . 17

    d)    Plaintiff Has Properly Plead The Necessary Elements of A Cause of Action
Under the FELA, Inclusive of Negligence Occurring Within the Scope of or
Incidental to His Employment With the Defendant Railroad . . . . . . . . . . . . . . . 18

    e)    DANIEL Bruno's Injuries Were Incidental to His Employment in Interstate
Commerce by Rail Inasmuch as it Was His Railroad Employer Who
Assigned Him to Work at or near the Vicinity of "Ground Zero" . . . . . . . . . . . 20

    f)    The FELA is DANIEL BRUNO's Exclusive Remedy as Against His
Employer for the Personal Injuries He Sustained as a Result of
Negligently Being Assigned By His Employer to Work at or near the
Vicinity of the September 11, 2001 Terror Attacks Perpetrated Upon the
World Trade Center and Therefore Is Not Preempted by ATSSA . . . . . . . . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22