JUDGE MARRERO

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 7503

-------------------------------------------------------------------X

DANIEL BRUNO,

                           Plaintiff,                    **COMPLAINT**

   -against-                                   **PLAINTIFF DEMANDS**
                                                      **TRIAL  BY  JURY**

METROPOLITAN TRANSPORTATION AUTHORITY,

                           Defendant.

-------------------------------------------------------------------X

RECEIVED AUG 24 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, DANIEL BRUNO, by his attorney, PHILIP J. DINHOFER, LLC, complaining of the defendant, respectfully shows to this Court and alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. The action herein arises under the Federal Employers' Liability Act (45 U.S.C. Sec. 51, et seq.), as hereinafter more fully appears.

2. Upon information and belief and at all times herein mentioned, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY (hereinafter the "MTA") was a Public Authority, duly organized and existing under and by virtue of the laws of the State of New York and authorized to do business within the jurisdiction of this Court.

3. At all time herein after, the defendant, MTA, was engaged in interstate commerce by rail and operated a system of railroads and railroad yards within the jurisdiction of this court and in various states.

4. That on or prior to October 28, 2004, the Defendant, MTA, employed the plaintiff, DANIEL BRUNO, as a Police Officer, under its direction and control and in furtherance of its business with interstate commerce.

ACCEPTED FOR MTA ONLY

M.T.A. General Counsel
Received
Date: 10-1-07  Time: 12:30 pm
Mail ☐    Personal ☒

5. That on or about September 22, 2003 the plaintiff, DANIEL BRUNO, sustained personal injury while in the course and scope of his employment with the defendant.

6. Subsequent to his work related accident of September 22, 2003 and continuing through the present date, the plaintiff, DANIEL BRUNO, has not returned to active work with the defendant, MTA.

7. That pursuant to the directives of his superior police officers at the MTA and/or the rules and regulations of the MTA Police Department, all the while that he has been absent for active work with the defendant, MTA, the plaintiff, DANIEL BRUNO, has been confined to his home, subject to random telephone call and/or in person verification by the MTA that DANIEL BRUNO remained at home.

8. That on or about October 28, 2004, the plaintiff, DANIEL BRUNO, petitioned the defendant MTA for "No Work" status, the granting of which would relive DANIEL BRUNO of his home confinement and the random verification process aforementioned.

9. That to date the defendant has inexplicably refused to grant the plaintiff, DANIEL BRUNO, "No Work" status, despite his request for the same.

10. That while the plaintiff, DANIEL BRUNO, was in the performance of his duties as a Police Officer employed by the defendant as aforementioned and as a result of the defendant's refusal to grant him "no work" status he was caused to sustain severe and disabling injuries by the reason of the negligence, carelessness, recklessness of the defendant as herein set forth.

11. That the resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and

safe equipment with which to work; in failing to promulgate and enforce safe and proper rules and procedures for activities carried out by their personnel; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Police Officer; in failing to provide the plaintiff with the necessary and proper tools and equipment with which to continue his employment with the defendant; in failing to make proper and adequate provisions for the safety of plaintiff; in failing to provide Daniel Bruno with "no work" status despite his request for the same; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

12. That the said injuries were occurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

13. That the plaintiff, DANIEL BRUNO, was damaged thereby in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

14. The plaintiff, DANIEL BRUNO, repeats, reiterates, and realleges each and every allegation set forth by paragraphs numbered 1 through 13, inclusive, of this complaint, as if more fully set forth at length herein.

15. That on or prior to September 13, 2001 the Defendant, MTA, employed the plaintiff, DANIEL BRUNO, as a Police Officer, under its direction and control and in furtherance of its business with interstate commerce.

16. That on or about September 13, 2001 and subsequent to the September 11, 2001 destruction of the World Trade Center, New York, NY, the plaintiff, DANIEL BRUNO, was assigned by the defendant MTA to work at or near the vicinity of the World Trade Center, New York, NY.

17. That while the Plaintiff, DANIEL BRUNO, was in the performance of his duties as a Police Officer at or near the aforesaid location he was caused to sustain severe and disabling injuries by the reason of the negligence, carelessness, recklessness of the defendant as herein set forth.

18. That the said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Police Officer; in failing to provide the plaintiff with the necessary and proper tools and equipment with which to work; in failing to make proper and adequate provisions for the safety of plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

19. That the said injuries were occurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

20. That the plaintiff, DANIEL BRUNO, was damaged thereby in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

WHEREFORE, plaintiff, DANIEL BRUNO demands judgment against the defendant, MTA, in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS in the first cause of action and the sum of TWENTY MILLION ($20,000,000.00) DOLLARS in the second cause of action, together with the costs and disbursements of this action.

Dated: Rockville Centre, New York
       August 22, 2007

By: Philip J. Dinhofer, #6940
**PHILIP J. DINHOFER, LLC**
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500