USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
DANIEL BRUNO,                       :
                                    :        07 Civ 7503
                Plaintiff,          :
                                    :     DECISION AND ORDER
    - against -                     :
                                    :
METROPOLITAN TRANSPORTATION         :
AUTHORITY,                          :
                                    :
                Defendant.          :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiff Daniel Bruno ("Bruno") brought an action against Metropolitan Transportation Authority ("MTA") alleging negligence arising out of MTA's failure to grant Bruno's request for "no work" status on October 28, 2004 and for assigning him to work at or near the vicinity of the World Trade Center in New York City on or about September 13, 2001, in violation of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. ("FELA"). MTA moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the reasons stated below, MTA's motion is GRANTED.

## I. BACKGROUND

The following facts are taken from the complaint dated August 22, 2007, which the Court accepts as true for the purpose of ruling on the motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).

A.    BRUNO'S PETITION FOR "NO WORK" STATUS

MTA, a public entity that operates a system of railroads and railroad yards, employed Bruno as a police officer. On or about September 22, 2003, Bruno sustained a personal injury in the course and scope of his employment with MTA (the "2003 Injury"), and, as a result, he has not returned to active work with MTA. After sustaining the 2003 Injury, Bruno was no longer on active work status with MTA, and pursuant to MTA's rules and regulations, Bruno was required to be at his home during work hours ("Home Confinement") and was subject to random telephone and/or in person verification requirements (the "Verification Process").

On or about October 28, 2004, Bruno petitioned MTA for "No Work" status (the Petition), the granting of which would have relieved Bruno of Home Confinement and the Verification Process. MTA has not granted the Petition to date. Bruno claims he sustained severe and disabling injuries because of MTA's negligent refusal to grant the Petition and provide a safe working environment.

B.    INJURY SUSTAINED AT WORLD TRADE CENTER

On or prior to September 13, 2001, subsequent to the September 11, 2001 destruction of the World Trade Center in New York City (the "WTC"), MTA assigned Bruno to work at or near the vicinity of the WTC (the "Assignment"). Bruno claims

2

he sustained severe and disabling injuries by reason of MTA's
negligence (the "2001 Injury") because MTA failed to exercise
due care and diligence by not providing Bruno with a safe
place to work and/or the proper equipment during the
Assignment.

## II. **DISCUSSION**

### A.   STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule
12(b)(6), a court construes the complaint broadly, "accepting
all factual allegations in the complaint as true, and drawing
all reasonable inferences in the plaintiff's favor."
Chambers, 282 F.3d at 152. However, mere "conclusions of law
or unwarranted deductions of fact" need not be accepted as
true.   First Nationwide Bank v. Gelt Funding Corp., 27 F.3d
763, 771 (2d Cir. 1994) (citation and quotation marks
omitted). A court should not dismiss a complaint for failure
to state a claim if the factual allegations sufficiently
"raise a right to relief above the speculative level."   Bell
Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

### B.   CLAIM ARISING UNDER THE PETITION

#### 1.   Sufficiency of Bruno's Pleading

FELA provides that any railroad entity engaging in
interstate commerce:

> [S]hall be liable in damages to any person
> suffering injury while he is employed by such

3

> carrier in such commerce ... for such injury or
> death resulting whole or in part from the
> negligence of any of the officers, agents, or
> employees of such carrier ....

FELA § 51. Plaintiffs asserting negligence under FELA must establish the traditional common law elements: (1) duty; (2) breach; (3) foreseeability; and (4) causation of injury. See Tufariello v. Long Island R.R. Co., 458 F.3d 80, 87 (2d Cir. 2006). However, plaintiffs' burden in demonstrating causation and negligence is lower under FELA than common law because "the theory of FELA is that where the employer's conduct falls short of the high standard required of him by [FELA] and his fault ... causes injury, liability ensues." Kernan v. American Dredging Co., 355 U.S. 426, 438-39 (1958); see Tufariello, 458 F.3d at 87. Although "there is a considerably more relaxed standard of proof for determining negligence in FELA cases, and a strong federal policy in favor of letting juries decide these cases, FELA does not make an employer strictly liable for workplace injuries ...." Sinclair v. Long Island R.R., 985 F.2d 74, 76-77 (2d Cir. 1993). "[T]herefore, [FELA] requires that claimants must at least offer some evidence that would support a finding of negligence." Id. (citations and quotation marks omitted).

Even assuming the allegations in the Complaint are true and drawing all reasonable inferences in Bruno's favor, the Court finds that Bruno has not sufficiently pled a claim for

4

negligence arising from MTA's refusal to grant the Petition. Other than mere conclusory statements, Bruno has not sufficiently pled allegations that MTA owed and/or breached a duty to grant the Petition or that a causal link existed between MTA's refusal to grant the Petition and the injury that Bruno claims to have sustained. Additionally, other than mere conclusory assertions that he sustained injuries, the Complaint does not include sufficient allegations of the injury claimed, such as the injury's type and extent, or when and how Bruno sustained the injury. Such conclusory statements, without more, do not satisfy Bruno's burden. See Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006).

Accordingly, Bruno has not met his burden of pleading sufficient allegations concerning each of the material elements necessary for recovering under a theory that MTA negligently failed to grant the Petition. See GMAC Mortgage Corp. of PA v. Weisman, No. 95 Civ. 9869, 1997 WL 83416, at *3 (S.D.N.Y. Feb. 27, 1997).

Although Bruno attempts to remedy the Complaint's shortcomings in his Opposition Memorandum (the "Opp. Mem."), dated December 17, 2007, such new allegations will not be considered by the Court. See GMAC Mortgage Corp. of PA, No. 95 Civ. 9869, at *3 ("[P]apers in response to a motion to

5

dismiss cannot cure a defect in the pleadings."); see also Eldridge v. Springs Indus., Inc., 882 F. Supp. 356, 358 (S.D.N.Y. 1995) (finding that allegations in plaintiffs' opposition memorandum to the motion to dismiss were insufficient to cure pleading defects). Because this claim is dismissed for failure to state a claim, the Court will not address the merits of the additional defenses asserted by MTA.

C.   CLAIM ARISING OUT OF THE ASSIGNMENT

MTA alleges that Bruno's claim arising out of the Assignment is barred by FELA's statute of limitations.   The Court agrees.

FELA has a three-year statute of limitations period, which commences once the plaintiff's claim accrues. See FELA § 56. Claims accrue once a "plaintiff in the exercise of reasonable diligence knows both the existence and cause of his injury." Mix v. Delaware and Hudson Ry. Co., 345 F.3d 82, 86 (2d Cir. 2003) (citation and quotation marks omitted). Plaintiffs need not, however, know the specific cause of their work-related injury for a claim to accrue pursuant to FELA. See Matson v. Burlington N. Santa Fe R.R., 240 F.3d 1233, 1236 (10th Cir. 2001) (citing Bealer v. Missouri Pac. R.R. Co., 951 F.2d 38, 39 (5th Cir. 1991)). "Rather, a FELA claim accrues when [a] plaintiff knows or should know that his injury is merely work-related." Id.

6

Bruno asserts that his negligence claim arising out of the Assignment is timely. Bruno argues that the 2001 Injury was caused by exposure to toxins on September 13, 2001, which ultimately resulted in Bruno suffering from hyponatremia, Cushings disease, cortisol resistance and/or SIADH (the "2001 Conditions"). Bruno asserts that, due to the slow progression of the 2001 Conditions, he was not aware immediately after September 13, 2001 that the Assignment was the cause of the 2001 Conditions. Rather, Bruno claims that he mistakenly believed that the 2003 Injury caused the 2001 Conditions, which is why he included the 2001 Conditions in his complaint dated April 27, 2004 (the "2004 Complaint")[1] in which he brought an action against MTA for the 2003 Injury. Bruno asserts that MTA's medical board first presented evidence on July 26, 2007 that Bruno's exposure at the Assignment may be linked to the 2001 Conditions. Bruno further argues that, pursuant to FELA, his claim for the 2001 Injury did not accrue until July 26, 2007, the date on which he first learned of the true cause of the 2001 Conditions. Bruno concludes that, because he filed the Complaint on August 24, 2007, within three years from July 26, 2007, his action for the 2001 Injury was timely.

The Court disagrees with Bruno's assertion that July 26,

---

[1] Bruno and MTA subsequently entered into a settlement agreement with respect to the acts contained in the 2004 Complaint.

7

2007 was the date upon which his claim accrued, and the Court concludes that, pursuant to FELA, Bruno's negligence claim arising out of the Assignment was not timely.  Bruno had knowledge of the 2001 Conditions' existence and that they were work-related when he filed the 2004 Complaint on April 27, 2004, which is all that is required for a claim to accrue under FELA.  See Matson, 240 F.3d at 1236 (citing Bealer v. Missouri Pac. R.R. Co., 951 F.2d 38, 39 (5th Cir. 1991)). Bruno, however, did not file the Complaint until August 24, 2007, more than three years after he discovered the 2001 Conditions and knew that they were work-related.  Accordingly, Bruno's negligence claim arising out of the Assignment is foreclosed by FELA's statute of limitations.

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 2) of defendant Metropolitan Transportation Authority is GRANTED.

The Clerk of Court is directed to withdraw any other pending motions and to close this case.

**SO ORDERED**.

Dated:    New York, New York
          10 April 2008

                                    VICTOR MARRERO
                                    U.S.D.J.

8